UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **DOCKET NO. 09-cr-0293** |
| **VERSUS** | **JUDGE HAIK** |
| **TERESA HAWKINS (01)** | **MAGISTRATE JUDGE HANNA** |

## *RULING*

The jury trial of the matter is set for May 17, 2010. Currently pending before this Court is defendant Teresa Hawkins's motion for permission to file additional motions (Rec. Doc. 234). The government has not responded to the motion. For the following reasons, the motion is denied.

## *BACKGROUND*

Defendant Teresa Hawkins is one of fourteen individuals charged in a fifty-seven count indictment. The government alleges that the defendants, employees of the Office of Family Support (OFS), fraudulently diverted federal monies meant for the needy as a result of the effects of Hurricanes Katrina, Rita, Ike and Gustav, and funneled it to individuals who were not entitled to the benefits, including themselves, their friends and families, and other ineligible persons, in the Franklin, Louisiana area and elsewhere.

2

A scheduling order (Rec. Doc. 215) was issued in this matter on February 8, 2010.  On that same date, an order (Rec. Doc. 216) was issued, which established that February 23, 2010 was the deadline for the parties to file pretrial motions.  On February 23, 1020, Hawkins filed a motion for extension of that deadline (Rec. Doc. 230).  The motion was granted, and the deadline was extended to February 26, 2010 (Rec. Doc. 231).  On that date, Hawkins filed three motions, including the one seeking permission to file additional motions.

### *ANALYSIS*

Rule 12(c) of the Federal Rules of Criminal Procedure states that "[t]he court may... set a deadline for the parties to make pretrial motions...."  The Advisory Committee notes on the 2002 Amendment to this rule explain that judges should be encouraged to set deadlines for motions because doing so promotes judicial economy and more efficient case management.  If a motion deadline is established, and a party fails to comply, the party waives the issue that could have been raised in the motion.[1]  However, if good cause for the delay in filing the motion is shown, the district court has discretion to excuse the waiver.[2]

---

[1] *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006).

[2] *Id.*; Rule 12(e) of the Federal Rules of Criminal Procedure.

3

A district court does not abuse its discretion when it denies a motion if the mover failed to comply with the established pretrial procedures.[3] More particularly, since courts have a legitimate interest in the enforcement of scheduling deadlines in order to manage pending cases and to retain the credibility of deadlines in future cases, it is not an abuse of discretion for a district court to adhere to published deadlines.[4]

In this case, a deadline for pretrial motions was established. The deadline was then extended upon request by Hawkins. Hawkins now seeks permission to file additional motions, without requesting that another pretrial motion deadline be established and without specifying the nature of the anticipated motions. Hawkins speculates that future decisions on other motions now before this Court may necessitate the filing of future motions.[5] Such speculation does not satisfy the requirement of Rule 12(e) that relief from the waiver resulting from filing a late motion may be granted, in the court's discretion, upon a showing of good cause. The mere fact that other motions are pending does not constitute good cause for

---

[3] *United States v. Knezek*, 964 F.2d 394, 397-99 (5th Cir. 1992); *United States v. Bullock*, 590 F.2d 117, 120 (5th Cir. 1979).

[4] *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009).

[5] Defendant's motion (Rec. Doc. 234), at ¶II.

4

filing additional motions beyond the existing deadline, and Hawkins has identified no other basis for finding that good cause for filing late motions exists. Therefore, because Hawkins has neither identified the motions she intends to file nor established that there is good cause for filing any motions beyond the existing deadline, her request for an open-ended extension of the deadline for filing pretrial motions lacks merit.

Accordingly, Hawkins's motion for permission to file additional motions (Rec. Doc. 234) is DENIED.

Thus done and signed this 8th day of April, 2010 at Lafayette, Louisiana.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)