# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 09-cr-0293-01** |
| **VERSUS** | **JUDGE HAIK** |
| **TERESA HAWKINS (01)** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

### (Rec. Doc. 232)

The jury trial of the matter is set for August 23, 2010.  Currently pending before this Court is a motion to dismiss, which was filed by defendant Teresa Hawkins (Rec. Doc. 232).  The government has filed a response to the motion (Rec. Doc. 240).  For the following reasons, it is recommended that the motion to dismiss be **denied**.

## Background

Hawkins is one of fourteen individuals charged in a fifty-seven count indictment.  The government alleges that the defendants, employees of the Office of Family Support (OFS), fraudulently diverted federal monies meant for the needy as a result of the effects of Hurricanes Katrina, Rita, Ike, and Gustav, and funneled it to individuals who were not entitled to receive the benefits, including themselves, their

friends and families, and other ineligible persons, in the Franklin, Louisiana area and elsewhere.

## Analysis

Hawkins seeks to have the indictment dismissed on the basis of "vagueness, non specificity, lack of clarity[,] and failure to give proper notice of accusation."[1] The undersigned notes that Hawkins previously filed a similar motion for a bill of particulars, on the basis that indictment "fails to specifically, concisely[,] and definitively inform the defendant of the factual elements of the accusations."[2] The motion for a bill of particulars was granted in part and denied in part.[3] Consequently, the vagueness of which Hawkins now complains has already been presented to this Court and, to the extent that it was determined that Hawkins was entitled to more detailed information, Hawkins's complaint has already been cured.

Hawkins further complains that she has been charged with conspiracy to commit wire fraud but has only been charged with theft of public money and has *not* been charged with a substantive count of wire fraud.  Further, she argues there is no

---

[1]      Rec. Doc. 232-1 at p. 1.

[2]      Rec. Doc. 233-1 at p. 1.

[3]      Rec. Doc. 247.

allegation that connects the alleged thefts to the alleged conspiracy. Therefore, she argues that, since the government has not shown she intended to commit wire fraud, she cannot be guilty of conspiracy to commit wire fraud.  For that reason, she seeks dismissal of the entire indictment.

Fed. R. Crim. P. 12 provides in pertinent part:

(3) Motions That Must Be Made Before Trial. The following must be raised before trial:

* * *

(B) a motion alleging a defect in the indictment or information--but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense....

It is well settled that there are two constitutional requirements for an indictment.  It must contain the elements of the offense charged and fairly inform the defendant of the charge against which he must defend, and it must enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense.[4]

The issue before this Court is whether the indictment sufficiently alleges a crime of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, in the

---

[4]     *United States v. Resendiz-Ponce*, 549 U.S. 102, 108, 127 S.Ct. 782,788 (2007), quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 288, 741 L.Ed.2d. 590 (1974).

absence of an allegation that the defendant actually violated the substantive offense of wire fraud as set forth in 18 U.S.C. § 1343.[5]

The federal conspiracy statute, 18 U.S.C. § 371, makes it a crime for two or more persons to conspire to commit any offense against the United States or to defraud the United States or its agencies in any manner and requires that one or more of such persons perform an overt act to effect the object of the conspiracy.   18 U.S.C.A. § 1349 further provides that "[a]ny person who attempts or conspires to commit any offense under this chapter [Mail Fraud and Other Fraud Offenses] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

"Conspiracy and the related substantive offense which is the object of the conspiracy are separate and distinct crimes....  It is well established that acquittal on

---

[5]     18 U.S.C.A. § 1343 provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

the substantive count does not foreclose prosecution and conviction for a related conspiracy."[6]  A defendant may be convicted of conspiracy even though he played only a minor role in the scheme as long as he understood the unlawful nature of the activity and knowingly or intentionally joined it on at least one occasion.[7]

Therefore, "conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself."[8]  The Fifth Circuit has held that, to be guilty of conspiracy to commit mail fraud, the defendant must have had the requisite intent to commit mail fraud.[9]  But the absence of an allegation of a violation of the substantive offense is not fatal to the indictment provided the defendant is on notice of the elements of the crime with which he is charged.  As the court noted:

> 'The members of a conspiracy which functions through a division of labor need not... be privy to the details of each aspect of the conspiracy' ... 'although each element of the conspiracy charge must be proved beyond a reasonable doubt, no element need be proved by direct evidence, but may be inferred from circumstantial evidence'....  Thus, the jury may infer an agreement from concert of action, voluntary

---

[6]     *United States v. Romeros*, 600 F.2d 1104, 1105 (5th Cir. 1979).

[7]     *United States v. Thorn*, 917 F.2d 170, 173 (5th Cir. 1990).

[8]     *Ingram v. United States*, 360 U.S. 672, 678, 79 S.Ct. 1314, 1319 (1959).

[9]     *United States  v. Sneed*, 63 F.3d 381,385 (5th Cir. 1995)

participation from a collocation of circumstances, and knowledge from surrounding circumstances.[10]

With respect to the offense of wire fraud, in order to obtain a conviction the "government must prove beyond a reasonable doubt that the defendant: (1) engaged in a scheme to defraud and (2) used, or caused the use of, wire communications in furtherance of that scheme."[11]  Therefore, the level of intent for conviction of the substantive offense of wire fraud, just as is the case with mail fraud, is knowing participation in an unlawful scheme to defraud.

With respect to conspiracy, a jury must be convinced beyond a reasonable doubt that:  (1) "two or more persons, directly or indirectly, reached an agreement to devise and execute a scheme to defraud;" (2) "the defendant knew the unlawful purpose of the agreement;" and (3) "the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose."[12]

Thus, a charge of conspiracy to commit wire fraud does not require that all defendants to the conspiracy charge have committed the crime of wire fraud.  It is sufficient to allege that they knowingly participated in a scheme to defraud the

---

[10]     *Id*., at 386 [citations omitted].

[11]     *United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009) (citing *United States v. Rivera*, 295 F.3d 461, 466 (5th Cir.2002).

[12]     See, *United States v. Ford*, 558 F.3d at 375.

government where it is reasonably foreseen or contemplated that wire communications would likely be used.[13]

Hawkins's argument that the government cannot show that she intended to commit wire fraud because it has alleged that the only overt acts she committed were theft is a *non-sequitur* in a motion to dismiss an indictment. An overt act of theft of public funds could be used as circumstantial evidence to infer that the defendant had the requisite knowledge of the scheme to defraud and knowingly participated in that scheme. Indeed, there may be no other crime of which a defendant is found guilty besides the crime of conspiracy if the overt act does not rise to the level of a crime for which a conviction can be obtained. It is enough that the government allege that the defendant knowingly participated in a scheme to defraud in order for the intent element to be satisfied as that is the intent required for the substantive offense of wire fraud.

The requirements of *Ford, supra*, are satisfied: Count 1 alleges that (1) the 14 defendants (2) did knowingly and intentionally (3) conspire together and with others (4) to fraudulently divert federal funds in connection with Hurricanes Katrina, Rita, Ike, and Gustav, (5) by funneling the money to themselves and others who were not

---

[13]     *United States v. Sneed*, 63 F.3d at 385 (and cases cited therein).

entitled to the money, (6) and used, or caused to be used, wire communications to further that purpose.

Therefore, the undersigned finds that the Count 1 of the indictment sets forth the elements of the conspiracy crime, fairly informs defendants of the charge against which they must defend, and enables them to adequately to plead an acquittal or conviction in bar of future prosecutions for the same offense. Accordingly, the undersigned recommends that the motion to dismiss Count 1 of the indictment should be denied.

Hawkins next complains that two of the necessary elements of the wire fraud charges were not set forth in Counts 2 through 17 the indictment.  That portion of the indictment provides, however, that the allegations set forth in Count 1 are adopted for inclusion by reference in Counts 2 through 17.  When the allegations of Count 1 are read together with the allegations of the other counts, it is clear that all of the necessary elements have been addressed.  Accordingly, the undersigned recommends that the motion to dismiss Counts 2 through 17 of the indictment should be denied.

Hawkins next complains that Counts 18 through 20 fail to set forth the elements of the charged offense, theft of public money, property, or records pursuant to 18 U.S.C. §§ 641 and 2.  She also complains that Counts 21 through 53 of the indictment lack a specific nexus to the charged conspiracy.  But none of these

-8-

substantive counts allege criminal activity by Hawkins.  Since these counts do not apply to Hawkins, apart from their connection to the conspiracy charge, she has no basis on which to complain.  Hawkins similarly complains that Counts 54 through 57 are insufficiently connected to the conspiracy charge.  Again, however, these counts allege no criminal activity on Hawkins's part.  Consequently, she has no basis on which to complain about the nature of these charges.

The undersigned finds that the substantive allegations of Counts 18, 19, and 20, which expressly pertain to Hawkins, as well as the allegations concerning the conspiracy charge of Count 1, are adequately supported with factual detail.  For that reason, the undersigned recommends that the motion to dismiss (Rec. Doc. 232) be **DENIED**.

Signed at Lafayette, Louisiana, this 7th day of July, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)